NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., : <br> Plaintiff, : <br> v. : <br> SAMSUNG ELECTRONICS CO., LTD., : *et al.*, <br> Defendants. : | Civ. No. 02-336 (GEB) <br><br> **OPINION** |
| SAMSUNG ELECTRONICS CO., LTD., : *et al.*, <br> Counterclaimants, : <br> v. <br> MATSUSHITA ELECTRIC INDUSTRIAL : CO., LTD., <br> Counterclaim Defendant. : |  |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant/Counterclaimant Samsung Electronics Co., Ltd. and its affiliates' (collectively referred to as "Samsung") Motion for Reconsideration of two aspects of this Court's summary judgment ruling of June 25, 2006. The Court decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Samsung's motion is denied.

**I.    BACKGROUND**

On June 26, 2006, the Court issued its summary judgment ruling addressing, *inter alia*, Plaintiff/Counterclaim Defendant Matsushita Electric Industrial's ("MEI") motion for summary judgment of infringement as to U.S. Patent No. 5,053,998 ("the '998 Patent") and Samsung's motion

for summary judgment of noninfringement as to U.S. Patent No. 5,475,648 ("the '648 Patent"). Specifically, the Court concluded that Samsung's accused devices include the "delay means" limitation of Claims 1, 4 and 7. (Order at 2). Further, after finding disputed factual issues, the Court denied Samsung's motion for summary judgment of noninfringement with respect to Embodiment II of the '648 Patent. On July 11, 2006, Samsung moved for reconsideration on these two portions of the Court's ruling. MEI filed its opposition brief on July 18, 2006.

## II.   DISCUSSION

### A.   Standard of Review

The standard for reconsideration is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration. L. Civ. R. 7.1(I). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already

addressed by the Court. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. *Bowers*, 130 F. Supp. 2d at 612 (citations omitted); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

> B.      The "delay means" Limitation of Claims 1, 4 and 7 of the '998 Patent

Samsung first asks this Court to reconsider its grant of summary judgment in favor of MEI regarding the "delay means" claim limitation. MEI moved for summary judgment that Samsung's DRAM devices literally infringe Claims 1, 2, 4, 5, 7 and 8 of the '998 Patent. The Court granted partial summary judgment that the accused devices satisfy the "delay means" limitation of independent Claims 1, 4 and 7.

In reaching this conclusion, the Court addressed Samsung's argument that the accused products did not give a "time difference" as required by the "delay means" limitation. (Op. at 12-16). The Court construed this argument as a belated claim construction argument. The Court noted that the parties agreed to the construction of this term prior to the *Markman* process. (*Id.* at 14). The parties agreed that "delay means" was a means-plus-function limitation governed by § 112 ¶ 6. Further, the parties agreed that the claimed function was "for giving a time difference to an operation start timing of the first and second sense amplifier drivers." (*Id.* (citing Joint Claim Construction Chart at 3)). At summary judgment, however, Samsung argued that the accused devices failed to meet the "delay means" limitation because the accused devices did not "give" a time difference, and

thus failed to perform the claimed function. Samsung cited the declaration of its expert, Milton Gosney, in support of this proposition. (Samsung Opp'n to MEI's Mot. for Summ. J. at 32 (citing Gosney Decl. ¶¶ 5-8)).

The Court rejected this argument, noting its belatedness and finding no basis to accept a more narrow construction for a claim term whose meaning was already agreed to by the parties. Moreover, this Court noted that it found "nothing in the claim language itself or in the ordinary meaning of the word 'giving' to support the conclusion that some affirmative step must be taken." (Op. at 15). Additionally, the Court noted that other claims in the patent weakened Samsung's claim construction argument. Specifically, the language of dependent Claim 2 suggests that wiring resistances and parasitic capacitance of the drive signal lines, or inherent delay of the wires, satisfy the claim limitation and thus, no affirmative step must be taken.

Having reviewed the newly-acquired evidence submitted by Samsung, the Court disagrees that the evidence warrants reconsideration of this Court's prior ruling. The evidence consists of deposition testimony from MEI's expert, David Taylor, which Samsung contends directly contradicts MEI's position at summary judgment. Samsung points to a portion of the testimony where Taylor was asked whether a person of ordinary skill in the art would "need to intentionally delay the turn-on of the drivers to meet the claims of the '998 Patent." (Samsung Br. at 10 (citing Taylor Dep. at 511:23-512:18)). In response to a series of questions, Taylor opined that in order to stagger the start-times of drivers as contemplated by the "delay means" limitation, one must intentionally or purposely design the device so that there is a delay. (*Id.*). Samsung relies on this testimony in support of its assertion that the "delay means" limitation can only apply "where a delay is intentionally designed into a product for the purpose of staggering the start times of the drivers."

4

(Samsung Reconsideration Br. at 12).

This position, however, was argued in Samsung's original motion and rejected by the Court. Samsung's argument essentially ignores this Court's conclusion that no affirmative step must be taken in order to meet the "delay means" limitation, and that the inherent delay of wires are sufficient to meet the claim limitation. Samsung's disagreement with this conclusion is not an appropriate basis for granting a motion for reconsideration. Moreover, even if this Court were to allow Samsung to reargue its claim construction argument, the Court would attribute minimal weight to Taylor's opinion given its status as extrinsic evidence. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-19 (Fed. Cir. 2005). Thus, the Court disagrees that it must alter its prior ruling in light of Taylor's deposition testimony. Consequently, Samsung's motion for reconsideration as to the "delay means" limitation is denied.

### C. Denial of Summary Judgment of Noninfringement as to the '648 Patent

Samsung next argues that the Court should reconsider its denial of summary judgment of noninfringement of the '648 Patent. Samsung asserts that the Court may have overlooked record evidence, namely letters dated June 2 and 6, 2006 which were submitted by MEI and Samsung, respectively. These submissions address what Samsung describes as an untimely change in MEI's position regarding infringement of the '648 Patent and Samsung's purported failure to comply with discovery requests. In particular, Samsung points to the sworn declaration of David Clonts which was attached to Samsung's June 6 letter. The Clonts declaration was offered to debunk MEI's allegations that Samsung failed to comply with discovery requests pertaining to the '648 Patent. Samsung argues that had the Court properly considered this record evidence, the Court would have reached a different conclusion, i.e., a finding that summary judgment of noninfringement of the '648

Patent would be proper.

As a preliminary issue, the Court will address the procedural deficiencies that exist in this argument. In order to have overlooked record evidence, the evidence must be properly filed with the Court in the first instance. The local rules of the Court dictate the procedures parties must follow during motion practice. Local Civil Rule 7.1(b)(1) provides that attorneys must present and defend "all motions, regardless of their complexity and the relief sought" in the manner stated in Local Civil Rule 7.1. L. Civ. R. 7.1(b). The June 2 and 6 submissions at issue failed to comply with certain provisions of the local civil rules.

In particular, Local Civil Rule 7.1(b)(2) provides that "all papers in support of or in opposition to the motion, including briefs, must be filed with the Clerk." L. Civ. R. 7.1(b)(2).[1] Moreover, under the current local rules, "[m]otions in any matter subject to mandatory electronic filing must be filed electronically and comply with the policies and procedures governing electronic case filing." L. Civ. R. 7.1, cmt. 4(a)(1).

Here, the June 2 and 6 submissions failed to comply with these procedural requirements. Neither of the submissions were electronically filed with the Court. Instead, both appear to have been submitted to the Court via facsimile transmission or hand-delivery. In order for the submissions to properly become part of the evidentiary record, both the June 2 and 6 letter briefs, as well as the accompanying Clonts declaration, should have been filed on the Court's electronic filing system. This would have ensured that the submissions were properly filed with the Clerk. The

---

[1] Notably, the requirement that briefs be filed with the Clerk is a distinct departure from the old rule which did not require the filing of briefs with the Clerk of the Court. L. Civ. R. 7.1, cmt. 4(a)(1); *see Miller v. McMann*, 89 F. Supp. 2d 564, 569 n.5 (D.N.J. 2000) (noting that under the old rule, affidavits and declarations, but not briefs, had to be filed with the Clerk to become part of the record).

procedural requirements are of utmost importance – particularly in a complex patent case such as this case where, inevitably, volumes upon volumes of documents are submitted for the Court's review. Consequently, Samsung's argument that reconsideration should be granted because the Court overlooked record evidence is without merit since the evidence upon which this argument is premised was not properly before the Court at the time of its decision.

However, in light of the Court's interest in adjudicating on the merits, rather than technicalities, and since the Court is now faced with a complete record concerning the '648 Patent, including the original briefing by the parties, the June 2 and 6 submissions, and both parties' positions on the instant motion, the Court will grant Samsung's request to revisit the record to determine whether granting summary judgment in favor of Samsung is proper.

In its original motion, Samsung asserted that its devices do not infringe because they lack a redundancy encoder which this Court concluded was part of the corresponding structure for the "memory replacement means" limitation. (Summ. J. Op. at 37). The Court then discussed evidence MEI proffered which disputed the evidence set forth by Samsung. Specifically, the Court discussed the Taylor certification in which MEI's expert opined that Samsung's devices included fuses, logic circuitry or a specific wired configuration which acted as a redundancy encoder in the accused devices. The Court found that this created genuine issues of material fact. (*Id.* at 37-38).

Samsung then responded by arguing that MEI improperly changed its infringement position to defeat summary judgment. Samsung characterized MEI's argument as a newly-crafted argument that contradicted, *inter alia*, its outstanding interrogatory response and expert report. (Samsung Reply at 18). Samsung argued that MEI's outstanding interrogatory responses took the position that the accused circuitry of the Samsung devices outputs a redundancy use signal and thus the circuit

is a redundancy use decision circuit.

Further in its discussion, the Court referred to Samsung's reliance on *Martin v. Merrell Dow Pharm.*, 851 F.2d 703 (3d Cir. 1988), for the proposition that a party cannot change its position to survive summary judgment. (Op. at 38; Tr. of Oral Arg. at 148:6-20). The Court finally noted MEI's assertion that its change in position was inevitable because Samsung failed to comply with its discovery requests relating to the '648 Patent. (*Id.* at 150:9-153:1). Drawing all reasonable inferences in favor of MEI as the non-movant, the Court ultimately concluded that summary judgment was not warranted in light of the disputed factual issues that existed in the record.

MEI cited additional authority in its June 2 letter submission, namely *Globespanvirata, Inc. v. Texas Instruments*, *et al.*, Civ. No. 03-2854, 2005 WL 1638136 (D.N.J. Jul. 12, 2005), for the proposition that any change in MEI's position concerning infringement was permissible given Samsung's purported discovery delays. Samsung replied in its June 6 letter, which is the main subject of the instant motion for reconsideration, that Globespan was not applicable because MEI's allegations were false and unsubstantiated. Moreover, Samsung submitted the Clonts declaration which contained evidence of Samsung's compliance with MEI's discovery requests on the '648 Patent.

Having reviewed the complete record, the Court first notes that MEI does not dispute that it changed its infringement contention, but contends that such a change was warranted in light of Samsung's purported discovery abuses. Consequently, the dispositive issue before the Court is whether MEI should be allowed to rely on this changed position at this time, or precluded from relying on it in light of the principles set forth in *Merrell Dow*. Samsung submits that *Merrell Dow* mandates that MEI be held to its original position.

In *Merrell Dow*, the Third Circuit held that the district court properly disregarded an affidavit plaintiff submitted during summary judgment which "squarely contradicted her earlier sworn statements." 851 F.2d at 705. Specifically, the affidavit concerned a "fact of considerable importance" which flatly contradicted the plaintiff's eight prior sworn statements. *Id.* The Third Circuit concluded that the district court properly disregarded the affidavit, and thus found no genuine issues of fact, because the plaintiff "was carefully questioned on the issue, had access to the relevant information at that time, and provided no satisfactory explanation for the later contradiction." *Id.* at 706.

Notably, however, the court acknowledged "situations in which sworn testimony can quite properly be corrected by a subsequent affidavit." *Id.* at 705. For example, "[w]here the witness was confused at the earlier deposition or for some other reason misspoke, the subsequent correcting or clarifying affidavit may be sufficient to create a material dispute of fact." *Id.* The court's acknowledgment of instances where a trial court may consider a subsequent conflicting affidavit suggests that exclusion of such an affidavit is not mandatory. Rather, *Merrell Dow* suggests that it is within the Court's discretion whether to consider the subsequent affidavit after having reviewed the circumstances of the case.

The Court finds the facts in *Merrell Dow* distinguishable from the present case. The record shows that each side offers contradicting versions of what transpired during discovery. According to Samsung, the record shows that it did comply with MEI's requests by providing schematics of the redundancy circuits of the 256M DRAM devices in August of 2004 and by producing Dr. Chang Hyun Kim as a 30(b)(6) witness on the topic of row redundancy in May of 2005. (Samsung Ltr. of June 6, 2006; Declaration of David R. Clonts). MEI submits, however, that the record shows that

9

Samsung only produced two types of documents for each product, namely circuit schematics and a completion report, and that these documents were not very informative without a deponent would could explain the documents' significance – which did not occur until only a few days before the close of discovery. (MEI Mot. In Limine Opp'n at 11 (citing Tr. of Shin Dep. at 11:3-12, 160:25-162:5); Tr. of Oral Arg. at 150:9-151:9).

Additionally, MEI argues that although Samsung produced Dr. Kim as the 30(b)(6) witness on the topic of row redundancy in May of 2005, the excerpts from Kim's testimony indicate that he lacked a clear recollection or was unfamiliar with the redundancy techniques Samsung used in the past and is currently using. (Tr. of Kim at 22:11-23). MEI also notes that Samsung relies on representations made by Samsung's counsel, not representations made by Dr. Kim himself, that he was prepared to testify on how row redundancy works. (Tr. of Kim Dep. at 212:19-213:11, 214:16-19). The Court agrees with MEI's characterization of the Kim deposition testimony. Thus, although the record does not support an allegation that Samsung "stonewalled" MEI during discovery, questions do remain as to whether MEI's change in position was completely unjustified as Samsung asserts.

Consequently, the Court finds that fact disputes exist as to whether MEI was justified in altering its position, just as it did in its original summary judgment ruling. This is not a dispute that the Court must resolve in this motion for reconsideration, nor can it in light of the numerous factual disputes. More importantly, the Court concludes that these circumstances are akin to those situations discussed in *Merrell Dow* where a subsequent conflicting affidavit may properly be considered. This is not a situation where the plaintiff is taking a position that flatly contradicted eight of her prior sworn statements in a blatant effort to survive summary judgment. Rather, MEI's new position

appears to be the result of unresolved issues that existed between the parties during discovery.

Accordingly, the Court rejects Samsung's argument that a different ruling would have been reached if the Court considered the Clonts declaration. Notwithstanding the procedural deficiencies associated with the declaration's submission, Samsung's motion for reconsideration is denied on substantive grounds as well.

### III.  CONCLUSION

For the reasons stated above, the Court denies Defendants' motion for reconsideration. An appropriate form of Order accompanies this Memorandum Opinion.

Dated:      July 27, 2006

                                             s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.