# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4050
TRENTON, NJ 08608
(609)989-2009

CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

March 8, 2006

RECEIVED

MAR - 8 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Karen Confoy, Esq.
Sterns & Weinroth, P.C.
50 West State Street, Ste 1400
Trenton, New Jersey 08607-1298

Re:   *Matsushita Electric Industrial Co., Ltd. v. Samsung Electronics Co., Ltd., No. 02-336*

Dear Ms. Confoy:

On January 2, 2007, Defendants Samsung Electronics, Co., Ltd., Samsung Electronics America Inc., Samsung Semiconductor Inc., and Samsung Austin Semiconductor, L.L.C. (collectively, "Samsung") filed a Motion for Attorney Fees against Plaintiff Matsushita Electric Industrial Co., Ltd. ("MEI") in the above-referenced case.  The Court has reviewed all of the parties' submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the Court will deny Defendants' motion.

"A court may award attorney fees to a party in "exceptional" cases pursuant to 35 U.S.C. § 285."  *Sun Coast Merch. Corp. v. CCL Prods. Enters., Inc.*, 179 Fed. App'x 6, 12 (Fed. Cir. 2006).  A trial court undertakes a three-step inquiry to adjudicate a request for attorney fees.

First, the Court must determine that the party requesting attorney fees is the "prevailing party" in the action.  *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees *to the prevailing party*.") (emphasis added).

Second, the court examines whether there is clear and convincing evidence that the case is exceptional.  *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005).  "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions."  *Serio-US Indus. v. Plastic Recovery Techs. Corp.*, 459 F3d 1311, 1321-22 (Fed. Cir. 2006), *citing Cambridge Prods. Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050-51 (Fed. Cir. 1992).  "Absent misconduct in the litigation or

in securing the patent, a trial court may only sanction the patentee if . . . the litigation is [both] brought in subjective bad faith and . . . objectively baseless." *Serio-US*, at 1322, *citing Professional Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 60-61 (1993).

Third, the Court may exercise discretion in awarding any attorney fees. The Court may "weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." *Serio-US*, 459 F.3d at 1322.

1.     Prevailing Party

"Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Brooks Furniture Mfg. v. Dutailier Int'l Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). On August 25, 2006, the jury returned a verdict finding (i) that MEI had failed to prove infringement by Samsung of any of MEI's patents, (ii) that MEI had failed to establish that any of Samsung's patents were invalid, and (iii) that Samsung had proved that the asserted claims of MEI's '998 and '095 patents were invalid as obvious and anticipated by prior art. There can therefore be no dispute that Samsung emerged from the jury trial as a "prevailing party."

2.     Exceptional Case

Samsung argues that MEI filed and prosecuted a claim "that was directly contrary to all evidence in its possession," and "refus[ed] to seek . . . additional evidence inconsistent with this position . . . ." Def. Br. at 19. In particular, Samsung claims that MEI was "placed on notice that Samsung's products did not contain all of the limitations recited in Embodiment II of claims 1 and 4 of the '648 Patent more than six years before trial," yet deliberately ignored all evidence to that effect. *Id.* In addition, Samsung contends that MEI "not only refused to withdraw its claim of infringement under the '648 Patent, but also invented a completely new "theory" of infringement after the close of fact discovery and after the deadline for summary judgment motions had passed . . . ." *Id.* at 20. Samsung concludes that "[b]ecause [MEI] unreasonably persisted in asserting . . . its '648 Patent infringement claim in the face of overwhelming . . . evidence that it had . . . no merit," and because MEI modified its position on the '648 patent infringement at a late stage of the proceedings, "the totality of the circumstances warrants a finding that this is an exceptional case." *Id.* at 21.

MEI responds that this Court's denial of Samsung's motion for summary judgment of non-infringement of the '648 patent establishes that MEI's '648 patent infringement claim was not – as Samsung would have it – absolutely without merit. *See* Pl. Opp'n at 10. MEI also denounces as unfounded Samsung's allegations that MEI acted in bad faith in litigating some of its claims. In particular, MEI disputes Samsung's contention that MEI was aware of the wealth of evidence establishing that the '648 patent was not infringed by Samsung's products, arguing that the said evidence was, in fact, far from conclusive. *Id.* at 13-14. Moreover, MEI submits that Samsung was disingenuous in selectively quoting passages of the deposition testimony of Samsung's Rule 30(b)(6) witness to try and establish MEI's alleged failure to inquire about row

redundancy. *Id.* at 14-16. Finally, MEI claims that Federal Circuit case law establishes that its alleged "change of position at the summary judgment stage [did not] make[] this case exceptional . . . ." *Id.* at 19.

Having reviewed all the papers submitted by the parties, this Court finds that Samsung has failed to establish by clear and convincing evidence that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285. Accordingly, the Court declines to award attorney fees to Samsung, and will deny Samsung's motion. An appropriate form of Order accompanies this letter opinion.

Very truly yours,

GARRETT E. BROWN, U.S.D.J.
CHIEF JUDGE

cc: Joseph A. Clark
Day Pitney LLP
210 Campus Drive
Florham Park, NJ 07932-0950

Paul J. Halasz
Day Pitney LLP
P.O. BOX 1945
Morristown, NJ 07962-1945